UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARRINGTON CAPITAL
MANAGEMENT, LLC,

    Plaintiff,

v.                                                                                    Case No: 8:15-cv-1406-T-36AAS

JOSIE V. WALLACE,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon the Defendant's Motion for Final Summary Judgment (Doc. 17) and Plaintiff's response in opposition (Doc. 21).  In the motion, Defendant argues that the statute of limitations bars all of Plaintiff's claims and she is, therefore, entitled to judgment as a matter of law.  The Court, having considered the motion and the parties' submissions, including the affidavits and appraisal report, and being fully advised in the premises, will grant Defendant's Motion for Summary Judgment.

    **I.**    **Statement of Facts**[1]

Plaintiff Josie V. Wallace, has been a licensed Certified General Appraiser in Florida since 1990. Doc. 17-1, ("Wallace Affidavit") at ¶ 4. On or about October 2005, Homequest Funding, LLC ("Homequest") secured Wallace's services to appraise a residential property located at 5040 Porpoise Place, New Port Richey, Pasco County, Florida (hereinafter the "subject property"). *Id*. at ¶ 6. Wallace appraised the subject property and submitted her signed Appraisal Report to Homequest on October 12, 2005. *Id*. at ¶ 11. Homequest used the Appraisal Report to assist in

---

[1] The Court has determined the facts, which are undisputed unless otherwise noted, based on the parties' submissions, including affidavits and accompanying exhibits.

financing a purchase of the subject property. *See id.* at ¶ 7, Doc. 17-2 at 6.  Wallace used the sales comparison approach to valuation to estimate the market value of the subject property at $660,000 as of October 12, 2005. Wallace Affidavit at ¶ 10.

On October 26, 2005, Citi Mortgage entered into a Mortgage and Promissory Note with a borrower purchasing the subject property in the amount of $520,000. Doc 1, ¶ 7; Doc. 17-3; 17-4. Citi Mortgage relied on the Appraisal Report when it approved the loan. Doc. 21-1, ("Issa Affidavit") at ¶ 4. On November 28, 2011, the subject property was sold through a short sale for the sum of $307,000. Doc. 1 at ¶ 12; Doc. 17-5; Issa Affidavit ¶ 5. At or prior to the time of the short sale, Citi Mortgage assigned all of its rights to Carrington Capital Management, Inc. ("Carrington"), including its right to bring this action against Wallace. Doc. 1 at ¶ 14; Issa Affidavit ¶ 7. Carrington is now the holder of the Mortgage and Note issued on the basis of Wallace's appraisal and alleges that it is the successor in interest of the equitable and legal interests in the Mortgage and Note. Doc. 1 at ¶ 15; Issa Affidavit ¶ 7. Although the subject property was sold on November 28, 2011, Carrington argues that it did not discover the errors in Wallace's Appraisal Report until June 5, 2014, when it conducted a "quality control review." Doc. 1 at ¶ 16, Issa Affidavit at ¶ 8.

On June 15, 2015, Carrington filed its complaint, asserting the following causes of action: Count 1 - breach of contract, Count 2 - negligence, Count 3 - gross negligence, and Count 4 - fraud. Doc. 1. Each cause of action is premised on Wallace having breached various standards and statutes governing the appraisal practice, including the Uniform Standards of Professional Appraisal Practice, the Freddie-Mac Single-Family Seller Servicer Guide, C.F.R. § 564.4(a) and Section 1110 of the Financial Institutions Reform, Recovery, and Enforcement Act. Doc. 1 at ¶¶ 18-24.  Specifically, Carrington alleges in its complaint that Wallace's Appraisal Report overstated

the value of the subject property such that its market value was actually considerably less than the appraised value as of October 12, 2005. Doc. 1 at ¶¶ 9, 10. Carrington further alleges that Citi Mortgage would not have proceeded or funded the Note or Mortgage if Wallace had accurately appraised the subject property. *Id*. at ¶ 11. Carrington claims that it sustained damage as a result of Wallace's Appraisal Report in the amount of $217,011.23, the balance remaining on the Note and Mortgage after the completion of the short sale. Issa Affidavit ¶ 6.

## II.   Legal Standard

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id.* at 324. Issues of fact are genuine only if a reasonable jury, considering the evidence present, could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48. A fact is "material" if it may affect the outcome of the suit under governing law.

*Id.* at 248.  In determining whether a genuine issue of material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party.  *Id.* at 255.

### III. Discussion

Defendant argues that each count of the Complaint is time-barred by the Florida statute of limitations. Florida law provides that breach of contract claims are subject to a five-year statute of limitations and ordinary tort claims are subject to a four-year statute of limitations.  Fla. Stat. §§ 95.11 (2)(b), (3)(a). However, claims of professional malpractice are subject to a two-year statute of limitations. *Id*. at § 95.11(4)(a).

#### a. Professional Malpractice Statute of Limitations

In its pertinent part, § 95.11 states:

> (4) WITHIN TWO YEARS.—
> (a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.

Fla. Stat. § 95.11(4)(a).

Professional malpractice "is similar to an ordinary negligence claim except that the negligent party must be engaged in a 'profession' as defined under Florida law, and the applicable standard of care is that degree of care used by similar professionals in the community under similar circumstances." *FDIC v. Kardos Appraisal & Consulting Co*., No. 6:12-CV-75636, 2014 WL 235470, at *8 (M.D. Fla. 2014) (citing *Moransais v. Heathman*, 744 So. 2d 973, 975 (Fla. 1999)). Defendant, a licensed Certified Real Estate Appraiser in Florida, "is a professional within the

meaning of § 95.11(4)(a)." *FDIC ex rel. Colonial Bank v. Pearl,* No. 8:12-CV-1813, 2013 WL 1405941, at *5 (M.D. Fla. 2013) (quoting Fla. Stat. § 475.611(1)(h)).[2]

Defendant argues that despite the labels placed upon the various counts in the Complaint, Plaintiff is essentially bringing a claim for professional malpractice which is subject to a two-year statute of limitations. Defendant relies on several district court cases against property appraisers alleging negligence and breach of contract where the court dismissed the complaints as time-barred under the two-year statute of limitations. *See, e.g. Carrington Capital Mgt., LLC v. Carr*, 2:15-CV-14191H, 2015 WL 6865750 (S.D. Fla. Nov. 9, 2015); *First Mutual Group, L.P. v. Klein*, Case No. 14-cv-14462-Middelbrooks/Lynch, 2015 U.S. Dist. LEXIS 112703 (S.D. Fla. Jun. 19, 2015).

In *Carr*, Carrington sued, as it has done in this case, a property appraiser alleging the same causes of actions, as it has done here, under substantially similar circumstances. Carr argued that the statute of limitations barred all of the causes of actions because they all derived from a claim of professional negligence. The *Carr* court agreed and dismissed, with prejudice, Carrington's complaint finding that the two year statute of limitations applied to each of Carrington's claims. The court reasoned that all of Carrington's claims were "based on the failure of a professional acting within his professional capacity." 2015 WL 6865750 at *1-2.

In opposition, Plaintiff relies on *Lehman Brothers Holdings Inc. v. Phillips*, 569 Fed. Appx 814, 817 (11th Cir. 2012) for the proposition that a four-year statute of limitations applies to claims for negligent appraisals. As discussed in *Carr*, the *Lehman Brothers* case is not binding authority on this court. 2015 WL 6865750, at *2. The court in *Carr* noted that *Lehman Brothers* was unpersuasive because (1) it was not controlling on the court[3], (2) Florida law is the controlling

---

[2] Pursuant to Fla. Stat. §475.611(1)(h) an appraiser is a professional within the meaning of §95.11(4)(a).
[3] *See Bonilla v. Baker Concrete Const., Inc.,* 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants.").

authority and it mandates a two-year statute of limitations, (3) *Lehman Brothers* conflicts with another unpublished case, *Tambourine Comercio International SA v. Solowsky*, 312 Fed. Appx. 263 (11th Cir. 2009); (4) Florida principles of statutory construction dictate that when more than one statute of limitations applies to a claim, the lesser period of time applies; and (5) the persuasive value of *Lehman Brothers* is called into question because that case misstates Florida law on a key point. *Id.* at *2.

In *Tambourine Comercio International SA*, the Eleventh Circuit affirmed a district court decision that applied Florida's two-year professional malpractice statute of limitations to a cause of action against an attorney. 312 Fed. Appx. at 281. There, the plaintiff brought a breach of fiduciary duty claim against its attorney and argued that the four-year statute of limitations for intentional torts applied. *Id*. at 280. The court examined § 95.11 and specifically noted that the statute explicitly excludes professional malpractice claims from the four-year statute of limitations applicable to other intentional torts. *Id.* (citing Fla. Stat. § 95.11(3)(o)). Although plaintiff argued that its allegations could give rise to both a professional malpractice claim and an intentional tort, the court disagreed, and cited to Florida cases which held that "a claim styled as one for 'breach of fiduciary duty' claim, when brought against a law firm or attorney for actions relating to the attorney-client relationship, [it] is treated as a malpractice claim subject to the two-year statute of limitations." *Id*. at 280. Therefore, the Eleventh Circuit found that the two-year statute of limitations applied to a breach of fiduciary duty claim that involved an attorney-client relationship, because it was essentially a malpractice action. *Id*. at 281.

Unlike the court in *Tambourine*, the court in *Lehman Brothers* did not discuss the proposition that an appraiser is a professional under Florida law which in turn requires the application of Florida's two-year professional malpractice statute of limitations, provided that the

6

underlying allegations are dependent upon professional malpractice. *See Carr*, at *2. The court examined the case solely under § 95.11(3)(a). As a result, the Court agrees with the reasoning in *Carr*, and does not find *Lehman Brothers* persuasive on this point. *See id*.

In *Sheils v. Jack Eckerd Corp.*, 560 So. 2d 361 (Fla. 2d DCA 1990), a Florida District Court of Appeal held that the two-year statute of limitations for professional malpractice applied to the plaintiff's strict liability, negligence, and breach of warranty claims. In reaching its conclusion, the court noted that it was not disputed that "but for the alleged negligence of appellee's pharmacist there would have been no error in the prescribed dosage and appellants would have no cause of action under any theory." *Id*. at 363. Because the plaintiffs' claims were based on the professional's negligence, the court found that § 95.11(4)(a) applied to all of the plaintiffs' claims. *Id*.

Here, all of Plaintiff's claims are likewise based on the failure of a professional acting within her professional capacity. Like *Sheils*, but for Wallace's alleged professional malpractice, Plaintiff's predecessor would not have approved or funded the loan on the subject property. *See* Doc. 23 at ¶11. Also like *Sheils*, but for Wallace's alleged professional malpractice, Plaintiff would not have a cause of action under any theory.

The two-year statute of limitations set forth in section 95.11(4)(a) applies only to malpractice actions where direct privity of contract exists between the plaintiff and the professional. *Baskerville-Donovan Engineers, Inc. v. Pensacola Exec. H. Condo. Ass'n, Inc*., 581 So. 2d 1301, 1301–02 (Fla. 1991). Privity, within the meaning of the two-year statute of limitations for bringing a professional malpractice claim, means direct contractual privity and does not include relationships between the professional and third-party beneficiaries who were known and intended beneficiaries of the professional's service. *See id*. at 1302.

Plaintiff alleges in the Complaint that it was "assigned all rights regarding the action of the appraiser, including the rights of the Lender or its assigns to bring this action[;]" Doc. 1 at ¶ 14; it is "the owner and holder of the underlying obligation for which the above-described appraisal was issued, and is the successor in interest of both the equitable and legal interest in the underlying obligation and the appraisal upon which this action is based[;]" *id*. at ¶ 15; and that "[Wallace] and [Carrington's] Predecessor[4], from whom [Carrington] acquired all right, title and interest in such claims and causes of action, entered into an appraisal contract, which was founded upon a written instrument." *Id*. at ¶ 26. Moreover, Adel Issa, Vice President of Special Servicing for Plaintiff, affirms that Plaintiff was assigned all rights concerning the actions of the appraiser. Issa Affidavit ¶ 7.  Since privity of contract accompanies a valid assignment, *Quality Inns Intern., Inc. v. Tampa Motel Associates, Ltd*., 154 F.R.D. 283, 290 (M.D. Fla. 1994), *on reconsideration in part*, 157 F.R.D. 528 (M.D. Fla. 1994), there is no dispute that Carrington is in privity with Wallace for purposes of imposing the two-year statute of limitations on Carrington's claims.  Indeed, in its opposition memorandum, Plaintiff does not dispute the issue of privity.  Based on the allegations in the Complaint and affidavit of Adel Issa, Plaintiff is in privity with Defendant.

All of Plaintiff's claims are based on the alleged negligence of a professional acting within her professional capacity. Plaintiff's breach of contract, negligence, gross negligence and fraud claims fail to allege any breach of the purported contract or other actions separate and apart from Defendant's breaches of professional standards of care. Absent Defendant's negligent appraisal, Plaintiff would not have a cause of action under any theory. The Court, therefore, concludes that for all of the foregoing reasons, the statute of limitations applicable to all of Plaintiff's claims is the two-year statute of limitations contained in § 95.11(4)(a). *See Carr,* 2015 WL 6865750

---

[4] The term "Predecessor" is not defined in the Complaint. *See generally* Doc. 1.

(applying two year statute of limitations to claims for breach of contract, negligence, gross negligence, and fraud against property appraiser); *Klein*, 2015 U.S. Dist. LEXIS 112703, *15 (applying two-year statute of limitations to claims for breach of contract, negligence and gross negligence against property appraiser); *First Mut. Group, LP v. Muricano,* 14-24169, 2015 WL 10792017, at *1 (S.D. Fla. Aug. 19, 2015) (same). *See also Green v. Bartel*, 365 So. 2d 785, 787 (F1a. 3d DCA 1978) (applying two-year statute of limitations to claims of negligence, breach of contract, and fiduciary duty against an attorney).

### b. Accrual of Statute of Limitations

Under Florida law, the delayed discovery doctrine applies to professional negligence claims. Fla Stat. § 95.11(4)(a). *See Davis v. Monahan*, 832 So. 2d 708, 709-710 (Fla. 2002) (noting that the Florida legislature has stated that a cause of action accrues when the last element of the cause of action occurs, and that an exception for delayed discovery is only made for fraud, professional malpractice, products liability, and some intentional torts).

Plaintiff asserts that the claim accrued on November 28, 2011, the date the subject property was sold for a loss through a short sale. Doc. 21 at 5. Defendant agrees with that date. *See* Doc. 17 at 3. The Court will adopt that date as the accrual date. *See Klein*, 2015 U.S. Dist. LEXIS 112703 at 9 (citing *Larson & Larson, P.A. v. TSE Indus.,* Inc., 22 So. 3d 36, 42 (Fla. 2009) (accrual of limitations period began on date of foreclosure sale because that is when Plaintiff suffered some loss).

Based on the foregoing, the Court applies a two-year statute of limitations to Plaintiff's claims. Here, given that the accrual date is November 28, 2011, Plaintiff's claims were time-barred on or about November 28, 2013. Plaintiff initiated this case on June 15, 2015. Therefore, Plaintiff's

claims are time-barred. *Accord Carr*, 2:15-CV-14191H, 2015 WL 6865750, at *3; *Klein*, 2015 U.S. Dist. LEXIS 112703; *Muricano,* 2015 WL 10792017, at *3.

### IV.  Conclusion

As no genuine issues of material fact exist, Defendant is entitled to judgment in her favor as a matter of law because Plaintiff's claims are time-barred. Therefore, Defendant's Motion for Summary Judgment is due to be granted.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. Defendant's Motion for Summary Judgment (Doc. 17) is **GRANTED.**

2. The Clerk is directed to enter judgment in favor of Defendant Josie V. Wallace.

3. The Clerk of Court is further directed to close this file.

**DONE AND ORDERED** in Tampa, Florida on November 16, 2016.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any